**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHARD BLACK,

                         Plaintiff,

       - v -                                           Civ. No. 9:07-CV-1194
                                                                          (GLS/RFT)

L. FARAGO, *Psychiatrist, Mid-State Correctional Facility;* D. SERGIO, *Nurse Practitioner, Mid-State Correctional Facility;* M. SACCO, *Primary Therapist, Mid-State Correctional Facility*,

                         Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

RICHARD BLACK
Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, N.Y. 14871

HON. ANDREW M. CUOMO                    SHOSHANAH V. ASNIS, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for the Defendants
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Richard Black filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights as secured by the Eighth and Fourteenth Amendments were violated. Specifically, Plaintiff alleges Defendant L. Farago changed the form of his psychiatric medication before discontinuing it altogether; Defendants D. Sergio and M. Sacco failed to remedy the situation; and, as a consequence of those acts and omissions, Plaintiff attempted suicide. Dkt.

No. 25, Am. Compl. Defendants now bring a Motion to Dismiss pursuant to FED. R. CIV. P. 12 (b)(6). Dkt. No. 28.[1] Despite being given multiple extensions of time, Plaintiff has failed to respond to the Motion. For the reasons that follow, it is recommended that the Defendants' Motion be **granted**, and the Complaint **dismissed**.

## I. FACTS

The following facts were derived from the Second Amended Complaint, which, when considering a motion to dismiss, must be accepted as true.

At the time of Plaintiff Richard Black's arrival at Mid-State Correctional Facility, on or about March 15, 2007, he was receiving a psychotropic, anti-depressant drug in capsule form called Seroquel. Dkt. No. 25, Second Am. Compl. at ¶ 1. On March 16th, Defendant Psychiatrist L. Farago altered Plaintiff's medication by having the pills crushed and provided in powder form. *Id.* at ¶ 2. On March 17th, Plaintiff refused to accept his morning dose of medication due to "the harsh affect [sic] caused" by the crushed pills and his "difficulty consuming the crushed powder substance." *Id.* at ¶ 3. On March 19, 2007, Plaintiff again refused the crushed pills and requested mental health attention. *Id.* at ¶ 4. On the evening of October 19th, Farago discontinued Plaintiff's medication without an evaluation or screening of his mental health records. *Id.* at ¶ 5. As a consequence, Plaintiff was mentally disturbed and unable to function with others, resulting in

---

[1] This matter was originally filed in the Western District of New York. On October 4, 2007, the Honorable Richard J. Arcara, Chief United States District Judge, transferred the case to this Court. Dkt. No. 5. Thereafter, Plaintiff amended his Complaint as of right prior to any response being filed by Defendants. Dkt. No. 15. In lieu of answering, Defendants filed a Motion to Dismiss the Amended Complaint. Dkt. No. 16. When Plaintiff failed to file any response to Defendants' Motion, this Court *sua sponte* extended the response time, to which Plaintiff instead moved to amend his pleading. Dkt. Nos. 21 & 22. Having received no opposition to Plaintiff's request to amend, the Court allowed such amendment and directed that the Second Amended Complaint be filed and served on Defendants' Counsel. Dkt. No. 24. Plaintiff asserts that he served the Second Amended Complaint as directed, Dkt. No. 26, however, Defendants' Counsel proclaims she was not properly served, Dkt. No. 27. Nevertheless, on July 7, 2008, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which Plaintiff has provided no response. Dkt. No. 28.

disciplinary placement and one-on-one suicide watch. *Id.* at ¶ 6.

On March 20, 2007, Plaintiff met with Defendants D. Sergio and M. Sacco and explained to them that his medication had been altered and that such change was causing him difficulty. *Id*. at ¶ 14 & 16. At that meeting, Sergio and Sacco informed Plaintiff that they did not have a copy of his medical record, however, Plaintiff informed them of his mental history which included incidents of attempted suicide. *Id.* at ¶ 15 & 17. Plaintiff demanded that his medication be provided, and Sergio and Sacco agreed to provide Plaintiff his medication in powder form along with juice to wash it down. *Id.* at ¶ 19. Sergio and Sacco decided that it would be safe to remove Plaintiff from suicidal observation on the condition that Plaintiff's medication be immediately re-continued and served with juice. *Id.* at ¶ 20. However, Plaintiff never received his medication that evening because Sergio and Sacco forgot to restart his medication. *Id.* at ¶ 21.

On the morning of March 21, 2007, Plaintiff attempted suicide by hanging himself in his cell. *Id*. at ¶ 7. That same day, after being treated for an abrasion on his neck, Plaintiff was ordered to the Office of Mental Health at Attica Correctional Facility.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Furthermore, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citations omitted). Additionally, "[i]n assessing

the legal sufficiency of a claim [under 12(b)(6)], the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." *Green v. New York State Dep't of Corr. Servs.*, 2003 WL 22169779, at *1 (N.D.N.Y. Aug. 27, 2003) (internal quotation marks and citations omitted) (alterations in original).

Pleadings submitted by *pro se* litigants "should be 'construed liberally,' *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam)," and a complaint "should not be dismissed unless 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations[,]'" *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)).  A "dismissal on the pleadings is never warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." *Phillips v. Girdich*, 408 F.3d at 128.

### B. Eighth Amendment Claims

Plaintiff states that Defendants Farago, Sergio, and Sacco were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Second Am. Compl. at ¶¶ 9-12 & 23-24. To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992), (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).

Thus, to state a claim for denial of medical care, a prisoner must demonstrate (1) a serious

medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994). The first prong is an objective standard and considers whether the medical condition is sufficiently serious. The Second Circuit has stated that a medical need is serious if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway I*, 37 F.3d 63, 66 (2d Cir. 1994)). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

Plaintiff has not specifically stated what medical condition he suffers from to allow this Court to assess whether it is sufficiently serious. We only know, from his sparse pleading, that he suffers from some form of mental impairment requiring treatment with Seroquel. Assuming, *arguendo*, that Plaintiff's mental state constitutes a serious medical need, he has failed to allege that any of the Defendants acted with deliberate indifference towards that need.

Plaintiff alleges that Defendant Farago changed the provision of Black's medication from pill form to crushed form without first evaluating Plaintiff or his mental health records. Then, after Plaintiff twice refused to take the medication as provided by Farago, Farago discontinued the medication. Second Am. Compl. at ¶¶ 4-5. Plaintiff claims that he would not take the crushed medication because of "the harsh affect [sic] caused and [his] difficulty consuming the crushed powder substance." *Id*. at ¶ 3. Plaintiff has not stated that he had a physiological or mental aversion to crushed powder medication, nor does he describe what harsh effects would have befallen him had he chosen to take the medication in crushed form. Given that the substance of the medication itself was unchanged, it is difficult to envision any harm that could have resulted from ingesting the same medication in powder form. More importantly, Plaintiff does not allege that Farago *knew* of any such aversion before he changed the form of Plaintiff's medication, nor that Farago was subsequently informed of any such aversion and then deliberately refused to remedy the situation. Indeed, Plaintiff states that at the time he arrived at Mid-State, he had never met Dr. Farago or spoken with him, that he was told his medical records were not available at Mid-State when he arrived, and that Farago "lack[ed] knowledge of [] the Plaintiff['s] suicidal tendencies[.]" *Id.* at ¶¶ 4, 12, & 15.

Plaintiff's allegation that Farago recklessly discontinued his medication is belied by

Plaintiff's own statement that the medication was discontinued because he refused to take it on two occasions. Second Am. Compl. at ¶¶ 4-5. That Plaintiff did not particularly like to take medication in powder form and refused to take it does not implicate any deliberate indifference on the part of Farago. *See, e.g., Ifill v. Goord et al.*, 2004 WL 1663994, at *3 (W.D.N.Y. Apr. 8, 2004) (citing *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) for the proposition that "disagreements over medications, diagnostic techniques . . . [and] *forms of treatment* . . . are not grounds for a section 1983 claim.") (emphasis added)). As per Plaintiff's claims that Farago should have met with him and consulted his medical record before changing the form of his medication, that allegation amounts to a claim of negligence and is not actionable under § 1983.[2] *Hathaway II*, 99 F.3d 550 at 553 (stating that deliberate indifference is "a conscious disregard of a substantial risk of serious harm."). Therefore, Plaintiff's claims against Defendant Farago should be **dismissed** for failure to state a claim.

Plaintiff's claims against Sergio and Sacco also fail to rise to the level of deliberate indifference. Plaintiff claims that on March 20, 2007, the day after Farago discontinued his medication, he met with Sergio and Sacco and explained to them the "harsh difficultys [sic] and pain caused by the alterring [sic] of [his] meds." Second Am. Compl. at ¶ 16. Plaintiff states he informed Sergio and Sacco about his history of attempted suicides, and made an agreement with them that the crushed medication would be provided with juice to wash it down. *Id.* at ¶ 19. Plaintiff further alleges that Sergio and Sacco decided it would be safe to remove him from suicidal observation on the condition that his medication be immediately re-continued and served with juice.

---

[2] This claim is even more specious considering that Plaintiff was transferred to Mid-State on March 15, 2007. It is understandable that Dr. Farago would not have had occasion to meet with Plaintiff before his first medication dose was provided in powder form.

*Id.* at ¶ 20. However, Plaintiff alleges he never received the medication on March 20, 2007, because Sergio and Sacco "had forgotten to restart the medication," and as a consequence, he attempted suicide the following day. *Id.* at ¶¶ 21-22.

Thus, Plaintiff's only claim of wrongdoing on the part of Sergio and Sacco is that they forgot to restart his medication, and consequently, he did not receive his medication during the evening of March 20, 2007. The next day, he was transferred to the mental health satellite unit in Attica Correctional Facility on March 21, 2007. *Id.* at ¶ 8. An allegation of forgetfulness, without any mention of malevolent or a conscious disregard for his well-being, is akin to a claim of negligence, which is not actionable under § 1983. *Farmer v. Brennan*, 511 U.S. at 835 (deliberate indifference requires more than mere negligence); *see also, Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 812 (7th Cir. 2000) ("[D]eliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough[.]"). Therefore, it is recommended that Plaintiff's claim against Sergio and Sacco also be **dismissed**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 28) be **GRANTED** and this entire action be **DISMISSED**; and it is further

**RECOMMENDED**, that in light of the Plaintiff's filing of a Second Amended Complaint, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 16) should be terminated; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   September 25, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge